UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESPANA, | No. 2:19-cv-00475-JAM-KJN (PS) |
| Plaintiff, | |
| v. | ORDER |
| ROAD RUNNER TOW, | |
| Defendant. | |

Plaintiff David Espana, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Also, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, plaintiff indicates that he brings his claims pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 1.) According to the complaint, defendant Road Runner Tow impounded plaintiff's vehicle, thereby seizing plaintiff's tools located in the vehicle. (Id. at 2.) Allegedly, plaintiff and his son were subsequently assaulted by defendant's staff, and plaintiff was prevented from retrieving his tools, which caused plaintiff to lose employment and other opportunities. (Id. at 2-3.)

Liberally construed, it appears that plaintiff may be attempting to state a claim of unreasonable seizure of his vehicle and property under the Fourth Amendment. See, e.g., Brewster v. Beck, 859 F.3d 1194, 1197 (9th Cir. 2017), cert. denied sub nom. Los Angeles, Cal. v. Brewster, 138 S. Ct. 1284 (2018) (holding that a 30-day impound of a vehicle constitutes a seizure that requires compliance with the Fourth Amendment). Yet, the complaint lacks any specificity regarding the circumstances of the impound of plaintiff's vehicle. As such, plaintiff has failed to plead sufficient factual content that would allow the court to draw the reasonable inference that defendant violated plaintiff's Fourth Amendment rights. Iqbal, 556 U.S. at 678.

More fundamentally, a claim under 42 U.S.C. § 1983 generally does not lie against a private individual or business entity that does not act under color of state law. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002). To be sure, a private individual's action can amount to state action under certain circumstances. See Id. at 445 (outlining four potential tests: (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test). However, defendant is apparently a private business entity, and plaintiff has failed to demonstrate how defendant's conduct constitutes state action.

Therefore, the complaint does not state a cognizable federal claim sufficient to invoke the court's federal question jurisdiction. See 28 U.S.C. § 1331. Furthermore, the state law assault claim does not invoke the court's diversity of citizenship jurisdiction because plaintiff and defendant are both citizens of California. See 28 U.S.C. § 1332(a).

Consequently, the court lacks federal subject matter jurisdiction over plaintiff's claims, and the complaint is subject to dismissal. However, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim under 42 U.S.C. § 1983, the court finds it appropriate to grant plaintiff an opportunity to

amend the complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: March 29, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4