UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ESPANA,

               Plaintiff,

      v.

ROAD RUNNER TOW, et al.,

               Defendants.

No. 2:19-cv-00475-JAM-KJN PS

ORDER

On March 29, 2019, plaintiff David Espana, who proceeds without counsel, was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3.) At the same time, plaintiff's complaint was dismissed with leave to amend, because the complaint failed to state any claim sufficient to invoke the court's federal subject matter jurisdiction. (ECF No. 3 at 3-4.)

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Plaintiff filed the first amended complaint ("FAC") on April 18, 2019. (ECF No. 4.) Upon review, the court finds that, like the original complaint, the FAC fails to state a claim sufficient to invoke the jurisdiction of the court and is subject to dismissal for the following reasons.

1

I.     LEGAL STANDARDS

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Also, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.

1984).

II.     DISCUSSION

        A.      Federal Subject Matter Jurisdiction

        In this matter, plaintiff was granted leave to amend after receiving notice of the defects with his original complaint. (See ECF No. 3.)  The FAC purports to bring claims pursuant to 42 U.S.C. § 1983 against the Fairfield Police Department, Road Runner Tow, and the unnamed owner and employees of Road Runner Tow. (ECF No. 4 at 1.)

        Allegedly, plaintiff's roommate was driving plaintiff's car on or around January 5, 2018, when she was pulled over by the Fairfield Police Department and the car was impounded. (ECF No. 4 at 3.)  Plaintiff was informed by the police department that the police used defendant Road Runner Tow to tow the car. (Id.)  When plaintiff went to Road Runner Tow, the owner allegedly refused to retrieve plaintiff's tools from his car, because plaintiff would not give the owner any money. (Id. at 7.)  Then, the owner and five staff of Road Runner Tow allegedly assaulted plaintiff and his son. (Id.)

        Plaintiff attempts to state a claim of unreasonable seizure of his vehicle and property under the Fourth Amendment, related to these events. See, e.g., Brewster v. Beck, 859 F.3d 1194, 1197 (9th Cir. 2017), cert. denied sub nom. Los Angeles, Cal. v. Brewster, 138 S. Ct. 1284 (2018) (holding that a 30-day impound of a vehicle constitutes a seizure that requires compliance with the Fourth Amendment).

        Plaintiff was previously warned that the original complaint lacked any specificity regarding the circumstances of the impound of plaintiff's vehicle. (See ECF No. 3 at 3.)  Even assuming, without deciding, that the FAC pleads enough facts to establish that Road Runner Tow was a joint actor with the state in this matter,[1] the FAC does not indicate why plaintiff's roommate was pulled over, why the vehicle was impounded, or even how long it was held.  Thus,

---

[1] A claim under 42 U.S.C. § 1983 generally does not lie against a private individual or business entity that does not act under color of state law. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  To be sure, a private individual's action can amount to state action under certain circumstances. See Id. at 445 (outlining four potential tests: (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test).

3

1    the FAC fails to plead sufficient factual content that would allow the court to draw the reasonable

2    inference that defendants violated plaintiff's Fourth Amendment rights.  Iqbal, 556 U.S. at 678.

3         The FAC also invokes the Equal Protection Clause of the Fourteenth Amendment, without

4    stating any claim.  (See ECF No. 4.)  As the court previously advised plaintiff (see ECF No. 3),

5    "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause

6    of action" are not enough to state a claim.  See Twombly, 550 U.S. at 555-57.

7         "The Equal Protection Clause of the Fourteenth Amendment provides that no State shall

8    'deny to any person within its jurisdiction the equal protection of the laws.'  The Clause

9    announces a fundamental principle: the State must govern impartially.  General rules that apply

10   evenhandedly to all persons within the jurisdiction unquestionably comply with this principle.

11   Only when a governmental unit adopts a rule that has a special impact on less than all the persons

12   subject to its jurisdiction does the question whether this principle is violated arise."  New York

13   City Transit Auth. v. Beazer, 440 U.S. 568, 587–88 (1979).

14        Here, the FAC asserts that plaintiff's right to equal protection was violated when

15   individuals at the Fairfield Police Department failed to follow up on his complaints about Road

16   Runner Tow and failed to provide him with a copy of his police report.  (ECF No. 4 at 4.)  The

17   FAC does not allege that plaintiff was singled out, that he was treated differently than others, or

18   that he was the victim of a governmental rule that results in a special impact on a certain class of

19   people.  Thus, the FAC lacks sufficient factual content that would allow the court to draw the

20   reasonable inference that defendants violated plaintiff's right to equal protection.

21        Therefore, the complaint does not state a cognizable federal claim sufficient to invoke the

22   court's federal question jurisdiction.  See 28 U.S.C. § 1331.  Additionally, state law assault and

23   battery claims do not invoke the court's diversity of citizenship jurisdiction because plaintiff and

24   defendant are both citizens of California.  See 28 U.S.C. § 1332(a).

25        Consequently, the court lacks federal subject matter jurisdiction over plaintiff's claims,

26   and the complaint is subject to dismissal.

27        B.    Leave to Amend

28        Despite the court's clear direction, plaintiff has again failed to state any claim with

4

1  sufficient particularity to invoke the court's jurisdiction.  Importantly, even though the court

2  informed plaintiff that the original complaint "lack[ed] any specificity regarding the

3  circumstances of the impound of plaintiff's vehicle" (ECF No. 3 at 3), the FAC focuses on events

4  that occurred after the vehicle was impounded, rather than explaining in sufficient detail the

5  events that directly precipitated the impound, such that the court could reasonably infer a

6  violation of plaintiff's constitutional rights.

7       As a pro se litigant, plaintiff is expected to comply with the applicable law and orders of

8  the court.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to

9  comply with these Rules or with any order of the Court may be grounds for imposition by the

10  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

11  Court."  Eastern District Local Rule 183(a) provides, in part:

12       Any individual representing himself or herself without an attorney is
        bound by the Federal Rules of Civil or Criminal Procedure, these
13       Rules, and all other applicable law.  All obligations placed on
        "counsel" by these Rules apply to individuals appearing in propria
14       persona.  Failure to comply therewith may be ground for dismissal,
        judgment by default, or any other sanction appropriate under these
15       Rules.

16  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

17  same rules of procedure that govern other litigants") (overruled on other grounds).

18       Accordingly, the court has considered whether it is appropriate to dismiss this case

19  without leave to amend.  However, in light of plaintiff's pro se status, and the court's strong

20  desire to resolve this matter on the merits, plaintiff will be afforded one additional opportunity to

21  amend his complaint.

22       If plaintiff elects to file an amended complaint, it shall be captioned "Second Amended

23  Complaint," shall be typed or written in legible handwriting, shall address the deficiencies

24  outlined in this order, and shall be filed within 28 days of this order.

25       Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order

26  to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

27  amended complaint be complete in itself without reference to any prior pleading.  As a general

28  rule, an amended complaint supersedes the previous complaint, and once the second amended

complaint is filed, the FAC no longer serves any function in the case.

Nothing in this order requires plaintiff to file a second amended complaint. If plaintiff determines that he is unable to amend his FAC in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

**Failure to appropriately address the deficiencies outlined by the court and state a claim in the second amended complaint may serve as grounds to dismiss this matter without further leave to amend**.

C. Motion for Discovery

Finally, on April 22, 2019, plaintiff filed a motion for discovery. (ECF No. 5.) As no defendant has been served or appeared in this matter, this motion is premature. Plaintiff may refile this motion at an appropriate time, pursuant to the Local Rules.

III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, but with leave to amend.

2. Plaintiff's motion for discovery (ECF No. 5) is DENIED as premature, subject to renewal.

3. Within 28 days of this order, plaintiff shall file either (a) a second amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.

4. Failure to file either a second amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: June 5, 2019

/Espana.19cv475.dislta

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE