UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESPANA, | No. 2:19-cv-00475-JAM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| ROAD RUNNER TOW, et al., | |
| Defendants. | |

On March 29, 2019, the court granted pro se plaintiff David Espana leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3.) According to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. After screening the complaint, the court dismissed the complaint with leave to amend, because plaintiff "failed to plead sufficient factual content that would allow the court to draw the reasonable inference that defendant violated plaintiff's Fourth Amendment rights." (ECF No. 3 at 3.)

Thereafter, plaintiff filed the first amended complaint, which was similarly dismissed for failing to plead sufficient factual content. (See ECF No. 6 at 3-4.) Subsequently, plaintiff filed a motion for appointment of counsel and the second amended complaint. (ECF Nos. 7, 8.)

1

In the second amended complaint, plaintiff details how the Fairfield Police Department allegedly used Road Runner Tow to impound plaintiff's vehicle for 30 days, because plaintiff's roommate was caught driving the vehicle without a license. (ECF No. 8 at 3.) Plaintiff alleges that Road Runner Tow, and its owner Jim Englebright, violated plaintiff's Fourth Amendment rights by not allowing him to retrieve property from the vehicle while it was impounded. (Id.) The second amended complaint also alleges that the Fairfield Police Department violated plaintiff's Fourteenth Amendment rights to equal protection of the law by ignoring plaintiff's complaint against Road Runner Tow relating to an alleged assault, because certain officers have personal relationships with employees of Road Runner Tow. (Id. at 4.)

Based on the limited record before the court, and a liberal construction of plaintiff's second amended complaint, the court cannot conclude that plaintiff's action is frivolous, that the second amended complaint fails to state a claim upon which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant. The court reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendants from challenging plaintiff's second amended complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the court orders service of the second amended complaint on defendants.

Plaintiff also requests the appointment of counsel for this matter. (ECF No. 7.) Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to plaintiff, the court must consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. Id. at 1318. Appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F. 2d 266, 269 (9th Cir. 1982).

Because plaintiff is proceeding in forma pauperis, the first factor, which relates to his financial condition, is a fortiori resolved in his favor. Similarly, as to the third factor, the court cannot conclude that plaintiff's complaint is frivolous at this juncture and is ordering service. However, as to the second factor, plaintiff makes no showing regarding his efforts to secure

counsel. Rather, plaintiff simply requests the court appoint him counsel so that he may "prepare a proper complaint . . . [and] meet any and all requirements and time constraints," as an individual who is incarcerated. (ECF No. 7 at 2.) Therefore, appointment of counsel is not warranted in this matter, at this time.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 7) is DENIED.

2. The Clerk of Court shall add Jim Englebright and the Fairfield Police Department as defendants.

3. Service of the second amended complaint is appropriate for defendants Road Runner Tow, Jim Englebright, and the Fairfield Police Department.

4. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

5. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

6. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

   a. One completed summons for each defendant to be served;

   b. One completed USM-285 form for each defendant to be served;

   c. A copy of the second amended complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

   d. A copy of this court's scheduling order and related documents for each defendant to be served.

7. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

8. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff,

without prepayment of costs.

9. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

10. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

11. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 24, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/espana.475.directing service