UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESPANA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROAD RUNNER TOW, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-00475-JAM-KJN PS<br><br><br>ORDER |

　　　　Presently pending before the court is pro se plaintiff's renewed motion to appoint counsel. (ECF No. 12.) The court denied plaintiff's first motion to appoint counsel because "plaintiff ma[de] no showing regarding his efforts to secure counsel. Rather, plaintiff simply request[ed] the court appoint him counsel so that he may 'prepare a proper complaint . . . [and] meet any and all requirements and time constraints.'" (ECF No. 9 at 2-4.) Denying the motion, the court relied on Bradshaw v. Zoological Society of San Diego, which directs a court to consider three factors before appointing counsel to a pro se plaintiff: (1) plaintiff's financial resources; (2) the efforts already made by plaintiff to secure counsel; and (3) plaintiff's likelihood of success on the merits. 662 F.2d 1301, 1318 (9th Cir. 1981). The court also noted that appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F. 2d 266, 269 (9th Cir. 1982).

　　　　In his renewed motion to appoint counsel, plaintiff demonstrates that he wrote to several attorneys, and at least one Bar Association in an effort to secure counsel in this matter. (ECF No.

1

12 at 1.) The court appreciates plaintiff's efforts and additional information. Nevertheless, appointment of counsel is not warranted at this juncture.

In its previous order, the court inadvertently failed to reference the standard for appointing counsel under 28 U.S.C. § 1915. In <u>Wilborn v. Escalderon</u>, the Ninth Circuit Court of Appeals explained that "counsel may be designated under section 1915(d) only in 'exceptional circumstances'. . . [which] requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citations omitted).

<u>Wilborn</u> concerned a motion for counsel from an indigent civil litigant under 28 U.S.C. § 1915(d) in a "1983 action . . . alleg[ing] that the defendants had conspired to deprive Wilborn of his property without due process of law" when Wilborn's vehicle was impounded and he was prevented from retrieving property from his vehicle. 789 F.2d at 1330-31. Similarly, here, plaintiff proceeds as an indigent civil litigant under 28 U.S.C. § 1915 and requests the appointment of counsel in a 1983 action, alleging that defendants violated plaintiff's Fourth Amendment rights by preventing plaintiff from retrieving property from his vehicle while it was impounded. (<u>See</u> ECF Nos. 2, 7, 8, 12.)

<u>Bradshaw</u>, on the other hand, concerned a request for appointment of counsel in the context of an employment discrimination case brought under the 1964 Civil Rights Act. 662 F.2d 1318. While the <u>Bradshaw</u> standard informs the court's analysis, the standard in <u>Wilborn</u> is more appropriate in this case.

The district court in <u>Wilborn</u> denied the request for appointment of counsel and the Ninth Circuit affirmed, explaining:

> Wilborn has not demonstrated a likelihood of success on the merits. In addition, we do not find that any difficulty Wilborn experienced in attempting to litigate his case derived from the complexity of the issues involved. Although discovery was essential in order for Wilborn to learn who had impounded his vehicle and why, particularly since Cook allegedly misinformed him, the need for such discovery does not necessarily qualify the issues involved as "complex." Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant

issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims pro se, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

Wilborn, 789 F.2d at 1331.

As in Wilborn, plaintiff has not demonstrated a likelihood of success on the merits in this case. While "the court cannot conclude that plaintiff's complaint is frivolous at this juncture" (ECF No. 9 at 2), the court is equally unable to conclude that plaintiff is likely to succeed on his claims. Moreover, there is no indication that the complexity of the legal issues involved prevents plaintiff from articulating his claims, as a pro se litigant. Plaintiff had some initial difficulty articulating his claims. However, the court twice granted plaintiff leave to amend and directed service of the second amended complaint. (See ECF No. 9.) Importantly, the case in Wilborn was more developed and involved more complicated situations than the present matter. For example, in Wilborn, the parties had already engaged in discovery, 789 F.2d at 1330-31, whereas here defendants have not even been served. Indeed, plaintiff's next step is to follow the directions set forth in the court's July 24, 2019 order directing service—directions that involve administrative tasks, not complex legal issues. (ECF No. 9 at 3-4.)

Accordingly, IT IS HEREBY ORDERED that plaintiff's renewed motion to appoint counsel (ECF No. 12) is DENIED.

Dated: August 9, 2019

espana.475.order mot app

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3