UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ESPANA, | No. 2:19-cv-00475-JAM-KJN PS |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 16, 17) |
| ROAD RUNNER TOW, et al., | |
| Defendants. | |

Presently pending before the court is pro se plaintiff's renewed motion to appoint counsel. (ECF No. 17.)  Plaintiff also requests that counsel appear on his behalf for the initial scheduling conference set before the court on December 5, 2019.  (ECF No. 18).  Finally, plaintiff requests he be re-sent documents necessary for him to effectuate service.  (Id.)

For the reasons stated below, the court:

(I)     DENIES plaintiff's motion to appoint counsel;

(II)    ORDERS the Clerk of the Court to forward plaintiff the documents he has
        requested, and

(III)   ORDERS the hearing currently scheduled on December 5, 2019, to be vacated.

///

///

///

# I.    Motion to Appoint Counsel

The court denied plaintiff's prior motion to appoint counsel because "plaintiff ma[de] no showing regarding his efforts to secure counsel.  Rather, plaintiff simply request[ed] the court appoint him counsel so that he may 'prepare a proper complaint . . . [and] meet any and all requirements and time constraints.'"  (ECF No. 9 at 2-4.)  Denying the motion, the court relied on Bradshaw v. Zoological Society of San Diego, which directs a court to consider three factors before appointing counsel to a pro se plaintiff:  (1) plaintiff's financial resources; (2) the efforts already made by plaintiff to secure counsel; and (3) plaintiff's likelihood of success on the merits.  662 F.2d 1301, 1318 (9th Cir. 1981).  The court also noted that appointment of counsel is not a matter of right.  See Ivey v. Board of Regents, 673 F. 2d 266, 269 (9th Cir. 1982).

In its previous order, the court inadvertently failed to reference the standard for appointing counsel under 28 U.S.C. § 1915.  In Wilborn v. Escalderon, the Ninth Circuit Court of Appeals explained that "counsel may be designated under section 1915(d) only in 'exceptional circumstances'. . . [which] requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"  789 F.2d 1328, 1331 (9th Cir. 1986) (internal citations omitted).  Wilborn concerned a motion for counsel from an indigent civil litigant under 28 U.S.C. § 1915(d) in a "1983 action . . . alleg[ing] that the defendants had conspired to deprive Wilborn of his property without due process of law" when Wilborn's vehicle was impounded and he was prevented from retrieving property from his vehicle.  789 F.2d at 1330-31.

Similarly, here, plaintiff proceeds as an indigent civil litigant under 28 U.S.C. § 1915 and requests the appointment of counsel in a 1983 action, alleging that defendants violated plaintiff's Fourth Amendment rights by preventing plaintiff from retrieving property from his vehicle while it was impounded.  (See ECF Nos. 2, 7, 8, 12.)  Bradshaw, on the other hand, concerned a request for appointment of counsel in the context of an employment discrimination case brought under the 1964 Civil Rights Act.  662 F.2d 1318.  While the Bradshaw standard informs the court's analysis, the standard in Wilborn is more appropriate in this case.

The district court in Wilborn denied the request for appointment of counsel and the Ninth

1    Circuit affirmed, explaining:

2

3        Wilborn has not demonstrated a likelihood of success on the merits. In addition, we
         do not find that any difficulty Wilborn experienced in attempting to litigate his case
4        derived from the complexity of the issues involved.  Although discovery was
         essential in order for Wilborn to learn who had impounded his vehicle and why,
5        particularly since Cook allegedly misinformed him, the need for such discovery
         does not necessarily qualify the issues involved as "complex."  Most actions require
6        development of further facts during litigation and a pro se litigant will seldom be
         in a position to investigate easily the facts necessary to support the case.  If all that
7        was required to establish successfully the complexity of the relevant issues was a
         demonstration of the need for development of further facts, practically all cases
8        would involve complex legal issues.  Thus, although Wilborn may have found it
         difficult to articulate his claims pro se, he has neither demonstrated a likelihood of
9        success on the merits nor shown that the complexity of the issues involved was
         sufficient to require designation of counsel.
10

11   Wilborn, 789 F.2d at 1331.

12        As in Wilborn, plaintiff has not demonstrated a likelihood of success on the merits in this

13   case.  While "the court cannot conclude that plaintiff's complaint is frivolous at this juncture"

14   (ECF No. 9 at 2), the court is equally unable to conclude that plaintiff is likely to succeed on his

15   claims.  Moreover, there is no indication that the complexity of the legal issues involved prevents

16   plaintiff from articulating his claims, as a pro se litigant.  Plaintiff had some initial difficulty

17   articulating his claims.  However, the court twice granted plaintiff leave to amend and directed

18   service of the second amended complaint.  (See ECF No. 9.)  Importantly, the case in Wilborn

19   was more developed and involved more complicated situations than the present matter.  For

20   example, in Wilborn, the parties had already engaged in discovery, 789 F.2d at 1330-31, whereas

21   here defendants have not even been served.  Indeed, plaintiff's next step is to follow the

22   directions set forth in the court's July 24, 2019 order directing service—directions that involve

23   administrative tasks, not complex legal issues.  (ECF No. 9 at 3-4.)  Therefore, the court DENIES

24   plaintiff's renewed motion to appoint counsel.

25        **II.      Request for Reservice of Documents**

26        Next, plaintiff requests that he be re-served documents he needs to effectuate service.

27   (ECF No. 15).  The court is in possession of plaintiff's note (ECF No. 15), but does not have

28

USM-285 forms, second amended complaints, summonses, and the court's scheduling order for each defendant required to effectuate service as the court previously ordered. (ECF No. 9 at 3.) The court will direct the clerk to re-send plaintiff the required documents (ECF Nos. 8, 9, 10, 11) as well as three USM-285 forms. Plaintiff is the follow the instructions in the court's prior order (ECF No. 9) to effectuate service.

### III. Status Conference

Finally, due to plaintiff's incarceration and the defendants not yet being served the court VACATES the initial status conference currently scheduled for December 5, 2019. Once defendants have been properly added to this case the court will reschedule the hearing as necessary.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1. That plaintiff's renewed motion to appoint counsel (ECF No. 16) is DENIED;

2. The Clerk of the Court is directed to send plaintiff one copy each of ECF Nos. 8, 9, 10, 11 and three USM-285 forms to plaintiff; and

3. The hearing currently scheduled for December 5, 2019, is VACATED.

Dated: November 18, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jr/espana.475.order mot app

4